UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO BRANCH OF NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-CV-2575-JLS (BGS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO RELIEVE PLAINTIFFS FROM CLAIM FILING REQUIREMENTS**<br><br>(ECF No. 48) |

    Presently before the Court is Plaintiffs' Motion to Relieve Plaintiffs From Claim Filing Requirements Under California Government Code Section 945.4, ("MTN," ECF No. 48). Also before the Court is Defendants City of El Cajon and Jeff Davis's Opposition to the Motion, ("Davis Opp'n," ECF No. 50), Defendants County of San Diego and Sheriff Gore's Opposition to the Motion, ("Gore Opp'n," ECF No. 51), and Plaintiffs' Reply, (ECF No. 56). After considering the Parties' arguments and the law, the Court rules as follows.

**BACKGROUND**

    Plaintiffs Andrew Pastor, Anthony Jimenez, Carl Box, Eric Bidwell, Eric Burney II, Ian Whitehouse, Jaimie Wilson, Jean Vilsaint, Jeff Provanzano, Levandis Carter, Michael Feinstein, and Teagan Daniels ("Plaintiffs") seek relief from the claim filing requirements

of California Government Code § 945.4 to add state law claims to the present action. (MTN 2.)[1] Plaintiffs request the Court grant leave to file a Third Amended Complaint alleging state law claims arising from the same facts and circumstances already alleged in the operative complaint. (*Id.* at 7.) Plaintiffs seek to add a claim for violation of the Bane Act (Cal. Civil Code § 52.1),[2] and state law claims for false arrest/imprisonment, negligence and intentional infliction of emotional distress. (*Id.* at 3.)

The incidents at issue occurred in early October 2016 and Plaintiffs filed their Complaint later that month. (*See* ECF No. 1.)[3] In January 2017, Plaintiffs allege they prepared the state law claims to be asserted against Defendants, but, due to counsel error, neglected to serve the claims on Defendants. (MTN 3.) In May 2017, Plaintiffs submitted petitions to Defendants the City of El Cajon and County of San Diego to file late claims pursuant to Cal. Gov. Code § 911.4. (*Id.*) Both Defendants denied Plaintiffs' petitions within the month. (*Id.* at 4.) In August 2017, Plaintiffs filed the present Motion seeking relief from this Court.

## LEGAL AUTHORITY

California has sovereign immunity against tort claims for money damages, but the California Tort Claims Act ("CTCA") provides a limited waiver of this immunity. Under the CTCA, a plaintiff can bring tort claims against state and local public entities only if the plaintiffs comply with the strict procedural requirements enumerated in the CTCA. *See* Cal. Gov. Code § 815. Among the procedural prerequisites for suit is the CTCA's requirement that a claimant file a written claim with the proper public entity. *See id.* §§ 905.2, 910, 911.2, 945.4. The claim must be presented to the relevant public entity no later than six months after the cause of action accrued. *Id.* § 911.2. If the claim is not

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.
[2] Plaintiffs allege the Second Amended Complaint already asserts this claim, but the claim is currently only asserted on behalf of Plaintiffs Sean Ferris, Azikiwe Franklin, Kristen Preston, and Aleksandar Sheringov, who did file timely notices of state law claims. (MTN 3.)
[3] Plaintiffs filed their First Amended Complaint in November 2016 (ECF No. 18) and their Second Amended Complaint in August 2017. (ECF No. 37.)

presented within that time, a written application may be made to the public entity for leave to present the late claim. *Id.* § 911.4. The application must be presented to the public entity "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." *Id.*

If the application is denied, the claimant's recourse is to file a petition with "a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." *Id.* § 946.6. "The granting of a petition under section 946.6 allows the petitioner to bypass the claims procedure altogether, and does not then require the re-filing of a late claim." *Perez v. Escondido*, 165 F. Supp. 2d 1111, 1115 (S.D. Cal. 2001).

## ANALYSIS

### I. Whether this Court Has Jurisdiction to Grant Relief

Defendants argue this Court does not have jurisdiction to hear this Motion because Plaintiffs were required to file a petition in the California superior court to be relieved of California's government claim requirements prior to bringing their claims under state law. (Davis Opp'n 5 (citing Government Code § 946.6).) Plaintiff argues this Court does have jurisdiction, and cites *Perez v. Escondido*, which held: "There is no plain language in section 946.6 depriving this Court of jurisdiction." (MTN 5 (quoting 165 F. Supp. 2d at 1115).)

"The Ninth Circuit has not decided whether a federal court, rather than a state court, has jurisdiction to rule on a petition for leave to file a late claim, and there is a split of authority among California's district courts." *Garza v. Alvara*, 2016 WL 4921542 (E.D. Cal. July 8, 2016) (citing cases regarding the split of authority); *see also Medina v. Lopez*, No. 1:14-cv-01850-GSA (PC), 2015 WL 1405284, at *2 (E.D. Cal. Mar. 26, 2015) (finding the district court does not have authority to grant the relief pursuant to § 946.6 requested by the plaintiff); *Underwood v. Knowles*, No. 1:08-cv-00986-GSA PC, 2009 WL 577662, at *2 (E.D. Cal. Mar. 3, 2009) (same); *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1022 (C.D. Cal. 2000) ("[F]ederal district courts have jurisdiction to consider whether the

3

16-CV-2575-JLS (BGS)

claimant has complied with the Act; the question presented by a § 946.6 petition, however, is whether a claimant should be *relieved* of his obligations under the Act and is separate from the merits and not properly within a federal court's subject matter jurisdiction."). The majority of courts hold the district court does not have jurisdiction to rule on a § 946.6 petition, with two outlier cases holding the opposite. *See Perez,* 165 F. Supp. 2d at 1115; *Rahimi v. AMTRAK*, No. C 08-4712 MEJ, 2009 WL 1883756, at *3–4 (N.D. Cal. June 30, 2009) (citing and following *Perez*). But, as Defendants and other courts have pointed out, *Perez*

> relied in part on the language of § 946.6 . . . [that] predated amendments that went into effect in 2002. Prior to 2002, § 946.6(a) in pertinent part stated that the 'proper court for filing the petition is *a court* which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action.' Cal. Gov. Code § 946.6(a) (2001 ed.) (emphasis added). . . . However, since 2002, the language of § 946.6(a) has become more specific. The 'proper court' for obtaining relief is no longer 'a court,' rather it is now 'a superior court.' *See* Cal. Gov. Code § 946.6(a). Section 946.6(a) could have been left unamended with respect to specifically identifying the proper court, but it was changed."

*Hill v. City of Clovis*, No. 1:11-cv-1391 AWI SMS, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012). The court in *Rahimi* relied on *Perez* in finding the district court had jurisdiction to hear the motion, but the court did not address the change in the language of Gov. Code § 946.6. *See* 2009 WL 1883756, at *3–4. The Court concurs with *Hill* and the majority of cases which hold the district court does not have jurisdiction to grant Plaintiffs relief.

Plaintiffs also argue the Court has supplemental jurisdiction over the state law claims. (Reply 4–5). Although this may be true, *see Hernandez v. McClanahan*, 996 F. Supp. 975, 979 (N.D. Cal. 1998) ("[F]ederal courts can hear valid California Tort Claims Act claims pursuant to their supplemental jurisdiction."), the issue at hand is whether the Court has subject matter jurisdiction to grant Plaintiff relief under § 946.6. *See Henderson v. Alameda Cnty. Med. Ctr.*, No. C07-2693 BZ, 2007 WL 1880376, at *2 (N.D. Cal. June

28, 20070 ("[U]ntil plaintiff successfully petitions a proper state court for relief under § 946.6, he cannot bring state tort claims in this court via supplemental jurisdiction.")

In sum, since § 946.6(a) was amended to identify a specific court, this Court will follow the majority position and conclude that only state superior courts have been given the authority to grant relief pursuant to section 946.6(a). The Court therefore finds this Court is not the proper court for presentation of Plaintiff's Motion for relief pursuant to Cal. Gov. Code § 946.6.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: November 8, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge