# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BIDWELL, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 16-CV-2575 JLS (MSB)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO ADD "DOE" DEFENDANTS**<br><br>(ECF No. 107) |

　　　Presently before the Court is Plaintiffs Motion to Add "Doe" Defendants ("Mot.," ECF No. 107), which set for a hearing on September 19, 2019. Defendants County of San Diego; Sheriff William D. Gore; and Sheriff's Deputies Rodrigo Aristizabal, James Balderson, Jacob Booher, Elvys Cabrera, Daniel Follosco, Matthew Gibson, Elisha Hubbard, Ericson Lamaster, Eric Price, and Tyler Skeels filed a notice of non-opposition to the Motion. *See* ECF No. 112. Defendants City of El Cajon; Police Chief Jeff Davis; and El Cajon Police Officers Melisa Calderon, Kenneth Davenport, Greg Robertson, and Jason Sargent have not filed an opposition or notice of non-opposition to the Motion.

　　　The Court finds this matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the proposed Fifth Amended Complaint and Plaintiffs' Motion, the Court **GRANTS** Plaintiffs' unopposed Motion.

/ / /

1

Through their Motion, Plaintiffs seek pursuant to Federal Rule of Civil Procedure 15 and California Civil Procedure Code section 474 to substitute the following six individuals for Doe Defendants: San Diego Sheriff's Office Lieutenant Robert Smith, El Cajon Police Department Lieutenant Eric Taylor, El Cajon Police Department Captain Michael Moultin, San Diego Sheriff's Office Captain Hank Turner, San Diego Sheriff's Office Sergeant Dustin Lopez, and San Diego Sheriff's Office Lieutenant Michael Rand. Mot. at 5–6. Plaintiffs explain that Defendants identified Captains Moultin and Turner, Sergeant Lopez, and Lieutenant Rand "[i]n discovery finally received just in the past two weeks," but that Lieutenants Smith and Taylor filed declarations in opposition to Plaintiffs' October 2016 application for a temporary restraining order. *See id.* at 5; *see also* ECF Nos. 6-1, 7-3. Indeed, on October 20, 2016, Lieutenant Smith attested under penalty of perjury that, "[o]n the evening of Saturday October 1, 2016, [he] was commanding the Sheriff's Mobile Field Force (MFF) platoon," was called to 777 Broadway "to . . . order [the crowd] to disperse," and "directed the line of MFF platoon deputies to . . . arrest those who remained in the crowd." *See* ECF No. 6-1 ¶¶ 4–7. Similarly, on October 20, 2016, Lieutenant Taylor declared under penalty of perjury that, "[o]n the night of October 1, 2016, to the early morning hours of October 2, 2016, [he] was the incident commander for the protests occurring in the vicinity of 777 Broadway in El Cajon" and that he "gave the order for the Sheriff's department helicopter ("ASTREA") to give an unlawful assembly order." ECF No. 7-3 ¶¶ 4, 7.

As Plaintiffs themselves recognize, *see* Mot. at 4 (citing *Fireman's Fund. Ins. Co. v. Sparks Const., Inc.*, 114 Cal. App. 4th 1135, 1143 (2004)) (emphasis added), "CCP § 474 allows Doe defendants to be added within three years of the filing date of the original complaint if . . . the plaintiff amends *once the true name of the defendant is discovered*." Consequently, "section 474 includes an implicit requirement that a plaintiff may not 'unreasonably delay' his or her filing of a Doe amendment after learning a defendant's identity." *A.N. v. Cnty. of Los Angeles*, 171 Cal. App. 4th 1058, 1066–67, *as modified on denial of reh'g* (Apr. 6, 2009).

Although Plaintiffs may not have known the identities of Lieutenants Smith and Taylor when they filed their original complaint on October 16, 2016, *see generally* ECF No. 1, they learned of their identities on October 21, 2016, when Defendants filed declarations written by those two Lieutenants in support of their opposition to Plaintiffs' motion for a temporary restraining order. *See* ECF Nos. 6-1, 7-3. Nonetheless, Plaintiffs did not seek to amend their complaint to substitute Lieutenants Smith and Taylor for previously unidentified Does Defendants until August 5, 2019, *see* ECF No. 107, nearly three years later and after filing several other amended complaints on November 21, 2016, *see* ECF No. 18; June 20, 2017, *see* ECF No. 37; April 18, 2018, *see* ECF No. 69; and February 25, 2019. *See* ECF No. 85. Plaintiffs provide no justification—let alone a reasonable one—for this delay. *See, e.g.*, *A.N.*, 171 Cal. App. 4th at 1067 (denying leave to amend where the court of appeal "s[aw] no reasonable explanation in the record for [the plaintiff]'s roughly two-year delay in filing and serving the Doe amendments").

That said, "'unreasonable delay' . . . includes a prejudice element, which requires a showing by the defendant that he or she would suffer prejudice from plaintiff's delay in filing the Doe amendment." *Id.* Here, Defendants have not opposed Plaintiffs' Motion, much less attempted to make any showing of prejudice as to the substitution of Lieutenants Smith and Taylor. Consequently, despite Plaintiffs' undue delay, the Court determines that Plaintiffs' have met their burden with respect to substitution of all six previously unidentified Doe Defendants.

Pursuant to California Civil Procedure Code section 474, Federal Rule of Civil Procedure 15(c)(1)(C), and Civil Local Rule 7.1(f)(3)(c), the Court therefore **GRANTS** Plaintiffs' Motion. Plaintiffs **SHALL FILE** their Fifth Amended Complaint, previously filed as ECF No. 107-2, within three (3) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: September 12, 2019

Hon. Janis L. Sammartino
United States District Judge